Sixth case this morning is Thomas v. Wardell. Good afternoon, Your Honor. May I please the court? My name is Nicole Salim and I represent the appellant, Leonard Thomas. We are before the court today due to the district court's dismissal of my client's case for failure to prosecute. Its dismissal was a direct result of three prior erroneous decisions made by the district court, which culminated in the effective dismissal of my client's case. The district court failed to sever or dismiss alleged unrelated claims or defendants, it failed to screen my client's complaints, and it failed to appoint counsel. Throughout review of this case, it's important to keep in mind that my client is a seriously mentally ill pro se litigant who was incarcerated both before, who was diagnosed seriously mentally ill both before he was incarcerated and while This raises several issues and really the briefs didn't address it and I didn't expect they would necessarily. But what can a person, a judge, mentally ill do in a case where it takes some rational decision making to file a case and all sorts of steps within that? How can a mentally ill person handle anything? So in this case, we think that, I'm sorry judge, your question is how can the plaintiff... Somebody is determined to be incompetent in effect. We would agree, he is incompetent and he can't litigate his case, which is why he needed counsel and why he needed the district court in this case. I'm saying that might apply as well to anybody, any defendant who has been a judge to be incompetent. Well, we think that the facts in this case are distinguishable and different for many different reasons. So the plaintiff in this case was not only pro se and seriously mentally ill and incompetent, but he attempted on three different occasions to amend his complaint. So he proved to the process, as the docket reflects, to amend his complaint to the district court's liking and he was unable to do so. So in this case, I think Thomas is a little bit different than any, say, plaintiff that were to come before the court that was incompetent or seriously mentally ill. The record reflects that he filed three various complaints and all the while he simultaneously requested counsel, asking the district court to review the merits of his case. And in this case, the district court never did that. It was supposed to sever or dismiss unrelated claims and then to go forward with a merit screening. And the district court, instead of separating or severing the cases, it continuously struck Thomas' complaints. And appellees agree that the district court in this case should have eventually severed or dismissed the unrelated claims or defendants, but it didn't do that. Time and time again, it regurgitated facts in its orders. And we can see that. It parses out the claims, but it never says, as the PLRA requires, it never assessed whether or not those claims were cognizable. It never looked and said, this claim against Mr. Newkirk, for example, does this claim actually state a claim? Does it survive 12 v. 6? The court did not do that. And the court was required to do so. And we would argue that it abused its discretion because it did not. Ms. Salim, we've got recent opinions in this area. And one of the factors that the courts are to consider is whether or not the prisoner has been moved. Here, it looks like Mr. Thomas was at Westville. Then for about seven months, he went to Wabash Valley Special Needs Unit. Then he goes back to Westville. Is he currently at Westville? He is currently at Westville. And Mr. Thomas has this history of moving to various prisons because of his mental illness. And so he goes into solitary confinement at WCU at Westville. And then he was transferred out for a bit of time after three suicide attempts because of what he alleges in his complaint. Due to the solitary confinement, it's exacerbating his serious mental illness. And so they transferred him to another case. But the transfers, I think, would go to the fact that this case is a complex one. It relates to complicated medical issues. And in this case, Mr. Thomas wasn't able to cure the pleading defects of his case, let alone to litigate his case in advanced stages of litigation. How long of a sentence is he serving? He, Your Honor, I believe is out in 2020. I believe. I'm sorry, not 2020. I think it's 2026. And what was the underlying offense? It was manslaughter, Your Honor. Does he have family or any other person outside prison interested in him? Not that I know of, Your Honor. So he's on his own. He is on his own. So there's nobody to be an advocate to take care of him or to do anything. No, and I think in this case, he pleaded with the judge in this case. He said, Your Honor, I filed my first amendment. I filed a complaint. The judge told him and the district court told him that your case is misjoined. He attempted to refile another complaint, all timely, simultaneously requesting counsel to assist him with the process. I think he went from 26 defendants down to 10. And he went from eventually from 10 claims down to five. And so he amended his complaint. And throughout this process, he asked the district court through status hearings. For example, he requested a status hearing with the district court. He said, Your Honor, I'm worried that the statute of limitations is going to run up on my case. He didn't understand that by filing, he had preserved his right. But he had said, I'm worried about the two-year statute of limitations that applies in Indiana. Can you please liberally construe my complaint so that we can just move forward on the merits? I just want someone to tell me whether or not I have meritorious claims. And ultimately, the district court did not do that here. And that's what this case comes down to. We would suggest that a district court when faced with a pro se, seriously mentally ill plaintiff who has attempted to file his complaint three times, but it has been struck each time due to pleading errors, that the district court in that case sever or dismiss unrelated claims and move forward on those claims that are meritorious. And the district court in its third order striking the complaint actually listed or dominant claims. It said, these appear to be the dominant claims against Wardell and Eichmann. But the district court didn't say whether or not they were cognizable. It didn't conduct a merit screening. Appellees say that a merit screening was conducted here. But it wasn't. The PLRA requires that a court identify cognizable claims or that it dismiss non-cognizable claims. And the district court never differentiated between those claims that were cognizable and those that weren't. The frustration looks like the way I look at this case is this guy can't get out of there. Because he's got, you know, right now he's got, I guess, six years left on his sentence. He's complaining about things going on in the prison and how he's treated and what he wants to do. But the frustration, I guess, I have is there's nobody independently looking at him who cares about him. And so, if he ever, I don't know if the prison can discharge him, even if he gets all these remedies and other things he wants. Yeah, we would agree. And this is why I think the appointment of counsel in this case. Okay, counsel can tell him that probably. You know, you're here to stay. We'll try to resolve whatever you're staying. While you're staying here, it's not appropriate. And maybe there would be some internal adjustment about how he's treated, et cetera. But I don't know which case it was where someone was released and it only took him 10 days to commit a very serious crime. And somebody said, why'd you turn him loose? And I guess this is sort of the frustration I have with this case, is just looking at it and feeling very sorry for him. He has a disability, but it sounds like kind of an internal thing. What's a lawyer going to really do? Well, in this case, Your Honor, it goes— Find his complaint? Well, I think we should move. The district court is required to move forward on the merits, right? The district court was required in this case to sever or to dismiss unrelated claims as mandated by the PLRA. It did not do that. But ultimately, the result for Thomas here would be that the jailhouse settings and Westville control unit would have to accommodate his serious mental illness. That's his special needs. Yeah, he has special needs. Where he was before. He should go back there. Right. He should be in a unit that can assist, particularly with his serious mental illness. I'd like to reserve the minute that I think I have left. We'll give you some more time on this. I have several questions. Guardian had lied about it. I mean, there's a problem with a— we don't just take people who come in as plaintiffs in a case if they're determined to be mentally ill. Right. And that's— We would have welcomed a Guardian ad litem in this case. And, I mean, ultimately, that wasn't sought. And so I think that the next best thing would have been the appointment of counsel. I don't think that the district court was right in knowing that Mr. Thomas was seriously mentally ill before it and then consistently striking his complaint on the pleadings and not actually getting to the merits of his case. Well, the district judge certainly was sympathetic to the plaintiff in this case, but sending it back and asking him, telling him what to do. But typically, he'll find even jailhouse lawyers that can reduce his number of issues he has. And Mr. Thomas, in his orders or in his complaints, stated that a jailhouse attorney had helped him write those. But we would argue that the district court could have been more sympathetic. It should have been more sympathetic. It should have severed or dismissed his claims, as this court has stated multiple times. When you're faced with a complaint that has misjoined or problems, the district court is supposed to, although it's not ideal for the district court to have to do this, it should dismiss the claims that are not supposed to be in that complaint and move forward on the ones that are meritorious. Otherwise, you end up in a situation like you did with Thomas. His case has now not been heard on the merits. It hasn't moved forward, and it was dismissed for failure to prosecute, one of the most harsh sanctions that there is out there. Well, part of the problem is state law doesn't provide much for this situation. Right. Thank you. Okay, I would like to reserve a minute for rebuttal, if possible. Thank you. May it please the court. I'm Abigail Recker on behalf of the appellees. This court should affirm the district court's dismissal. In the court's orders, deny Thomas recruitment of counsel. First, I'd like to point out that the district court did not dismiss Thomas' case due to his failure to properly amend the complaint. Here, the district court dismissed Thomas' case because he essentially went silent. More than seven months had gone by when Thomas had not filed anything with the district court. Well, it raises the same issue that I had before. If he's mentally incompetent, in which he's been determined to be seriously mentally ill, how can he do anything? Your Honor, the state doesn't deny that he is seriously mentally ill, but the district court didn't find that he wasn't incompetent. There's no evidence of his incompetence. The district court considered that he'd previously filed pleadings with the prison where he had expressed his need for medical care, logically, but he'd been consistently diagnosed with an absence of life. I have great difficulty believing that somebody has been determined to be mentally ill. You let the judge let him proceed on the basis that he's not incompetent in filing a particular document. But if this court in Pruitt has said that there's no categories for when appointment counsel is required, and so you would essentially be saying that appointment counsel would be required for every seriously mentally ill prisoner. Well, I don't know the answer to that, but that's certainly one of them. The court here, when determining that Thomas wasn't, that appointment of counsel, recruitment of counsel wasn't necessary, considered the Pruitt factors. And the first special question is whether he made a reasonable attempt to recruit counsel on his own. And the district court determined that Thomas had not made a reasonable attempt. Thomas had contacted 14 different attorneys, but in those letters to counsel, he never specified what type of claim he was bringing. Additionally, the letters were sent in July of 2014, which predated many of the events in the complaint. And also because the letters don't specify what kind of claim he was bringing, the court wasn't even certain that he was actually asking for counsel in this case. So in denying Thomas's first and second motions, the court determined that Thomas had not met the threshold question. Maybe somebody should be helping him write letters to the potential attorneys. Explain what he wants and, you know, write a good letter, in other words. Maybe he would get something other than question marks in response. That might be a possibility, I guess. He may have had help with other prisoners, prison attorneys. Counsel, on this issue of the dismissal, is there any thing in the record as to where Mr. Thomas was housed in this time frame around, and I'm using district court docket numbers, district court docket number 21, in order to show cause, that they grant him this extension, but there's been no contact from the court. Document 22 dismisses the case, and document 23 is the judgment in it. So the district court is giving him some time to respond because the case has been dormant. I believe the district court statistically closed the case. That's correct. Is there anything in the record as to where Mr. Thomas was and whether these particular docket entries were being mailed to him? I believe that he was back at the Westville control unit at this point. I know he was transferred to Wabash, I think, in 2016. Wabash is in the same, both in the northern district of Indiana, I think. Are they not? Wabash is in the southern district of Indiana. So I think he was back at Westville at that point in time. Where is Wabash? It's in Carlisle, Indiana. It's a little south of Terre Haute. There is Wabash Valley Hospital in Lafayette, which is in the northern district. It's not the same place. After determining that Thomas had not met the threshold question, the court still went on to determine the complexity of the case and Thomas' competency to litigate. In determining the complexity of the case, the court considered that we were just in the pleading stages. And so that all Thomas needed to do was follow its instructions and file his amended complaint. And the court felt that Thomas was competent to do so because, as I said earlier, because he had a logical thought process and he was consistently diagnosed with average intellect and intact memory and he had filed numerous health care requests and appeals and grievances in the past. Did the court, in effect, rewrite his complaint with all these comments and suggestions? In its orders, striking. The court, yes, the court went through and told Thomas exactly what his separate claims were. And the court even provided Thomas with blank prisoner complaint forms and very explicit instructions on how to amend his complaint, which recently this court in Mapes held a similar that was reasonable for the court to deny counsel and instruct the litigant on how to refile an amended complaint. The court found that was reasonable. I'd like to turn to Thomas' third motion. There were three motions for appointment of counsel in this case. And in that motion, Thomas had requested that a specific attorney be appointed to him, appointed to represent him. And Thomas had not even asserted that he'd ask that counsel himself. So the court determined that Thomas hadn't met the threshold question in requesting or trying to recruit counsel on his own. Are there any more questions? Well, I didn't quite understand your argument there. The judge declined to appoint counsel? For the third motion, Your Honor? Yeah. Yes, in the third motion, he had asked for a specific attorney that was representing him in another case. Yes. But the court found that he hadn't met the threshold question of a reasonable attempt to recruit counsel on his own because he'd not asked that counsel to represent him. In that other case, it was appointed counsel? I believe it was, yes. And it was a civil matter similar to this? I believe so, yes. What's the distinction then between that attorney being appointed and this judge finding that there shouldn't have been a counsel appointed in this case? I'm not 100% sure why the court appointed counsel in the other case. It was a different judge. I believe it was Judge Magnus Sensen. It was a judge in the Southern District of Indiana then? Yes. So a different district? Different district, yes. And the courts do have discretion in recruiting counsel. And our review here is for abuse of discretion, correct? Yes. And it's important to note that Pruitt states that this court's not to determine whether it would have appointed counsel for Thomas, but whether the district court was reasonable, whether it can be considered to be a legal standard and its decision was reasonable. If there are no more questions, the state would ask that this court affirm the orders of the district court. Thank you. Your Honor, this case ultimately, as you just stated, comes down to whether or not the district court abused its discretion for failure to prosecute. And we would argue that on the face of the order itself, which we did touch on previously, shows that the district court abused its discretion. The district court in its final order dismissing Mr. Thomas' case stated one reason, that he missed a deadline. Dismissing based on a failure to prosecute is an extraordinarily harsh sanction and courts are required to cite to a record of delay, contumacious conduct, or that lesser sanctions proved unavailable. And in this case, the district court did not do that. In his order, again, he cited to one missed deadline. There was no record of delay. There was no contumacious conduct that Mr. Thomas exhibited. And there were no lesser sanctions that were sought by the district court. Had the district court sought lesser sanctions, again, it would have appointed counsel or it could have severed or dismissed unrelated claims if it was required to do so. That's ultimately the threshold question here. How old is he now? Mr. Thomas? I believe that he's in his 50s. 50s or 40s. Would you take an appointment? Excuse me? Would you take an appointment? I did. No, no, I mean in a district court. I would. I would. I'm pretty invested in this case. Thank you. Thank you. Thank you. Thank you. Thanks to both counsel, the case is taken under advisement and the court will be in recess. Thank you.